**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **OSCAR DELGADO** ) | |
| **#K92173,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 16−cv–0656−SMY |
| vs. ) | |
| ) | |
| **WEXFORD HEALTHCARE SOURCES,** ) | |
| **OSMUDSON,** ) | |
| **ROGERICK MATTICKS,** ) | |
| **WILLIAMS, and** ) | |
| **HEATHER CARPENTER** ) | |
| ) | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Oscar Delgado, formerly an inmate in Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He seeks compensatory and punitive damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which
relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune
from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

### **The Complaint**

In July 2015, while playing basketball in the gymnasium, Plaintiff was elbowed in the nose. (Doc. 1, p. 6). Plaintiff was told to put in for nurse sick call, which he did. (Doc. 1, p. 6). He saw nurse Rice the following morning. (Doc. 1, p. 6). Plaintiff reported severe headaches and Rice told him that his nose was likely broken but that there was not much to be done. (Doc. 1, p. 6). Rice gave Plaintiff 200 mg ibuprofen. (Doc. 1, p. 6).

Plaintiff's headaches continued. (Doc. 1, p. 6). One month later, he returned to health care and received 325 mg acetaminophen. (Doc. 1, p. 6). Plaintiff continued to experience headaches and blurry vision. (Doc. 1, p. 6). He saw Defendant Osmudson and requested an x-ray or CT Scan. Defendant Osmudson responded, "where do you think your [sic] at? Your [sic] not at home, your[sic] in prison." (Doc. 1, p. 6). Defendant Osmudson asked Plaintiff to track

his finger, told Plaintiff to try hot water on his neck and gave him 600 mg ibuprofen. (Doc. 1, p. 6). Osmudson told Plaintiff the damage to his nose was cosmetic and the prison would not fix it. (Doc. 1, p. 6). Plaintiff continued to experience severe headaches, dizziness and memory loss. (Doc. 1, p. 6).

Plaintiff then saw Defendant Williams who ordered an x-ray. (Doc. 1, p. 7). Defendant Williams told Plaintiff he doesn't like helping inmates unless he knows the medical issue is red. (Doc. 1, p. 7). The x-ray was negative. (Doc. 1, p. 7).

Plaintiff's nose has now shifted to one side. (Doc. 1, p. 7). Nothing has helped resolve his issues. (Doc. 1, p. 7).

Plaintiff alleges that Wexford Health Care has a policy or custom to stay under a budget and that employees receive rewards if they do. (Doc. 1, p. 7). He further alleges that Wexford imposes cost 'considerations' that steer patients towards cheaper medications and away from services that have to be performed at an outside institution, like CT-scans and MRIs. (Doc. 1, p. 7). He asserts that Defendants Matticks, Osmudson, Williams, and Carpenter are aware of Wexford's contract. (Doc. 1, p. 7).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into two counts. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1 – Defendants Osmudson and Williams were deliberately indifferent to Plaintiff's serious medical needs when they refused to adequately treat his broken nose and other symptoms**

**Count 2 – Wexford Health Sources has an unconstitutional policy or custom by which they steer patients towards cheaper medications and tests in order to stay under a budget**

In order to state a clam for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). Deliberate indifference may be shown where medical providers persist in a course of treatment known to be ineffective. *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Plaintiff alleges that he suffers permanent disfigurement as a result of his broken nose. He has also alleges that he suffers from chronic pain, dizziness and blurred vision. Chronic pain can be a serious medical condition on its own, and it is plausible that Plaintiff's unresolved symptoms are signs of an underlying medical issue. The Court therefore finds that Plaintiff has adequately alleged that he suffered from a serious medical condition.

Plaintiff asserts that he reported his symptoms to Defendant Osmudson. However, Plaintiff's grievance makes no mention of Baldwin, Campanella, or George nor does it appear that they had any role in responding to the grievance. Thus, Plaintiff has not stated a claim for deliberate indifference against these Defendants. Without knowledge, they could not have been deliberately indifferent.

The lack of allegations against these defendants would also separately entitle them to dismissal at this time. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, the Court will dismiss Baldwin, Campanella, and George without prejudice.

## Pending Motions

Plaintiff Motion for Attorney Representation will be referred to a Magistrate Judge for disposition. (Doc. 3).

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** states a claim and will be allowed to proceed. However, as Plaintiff has not adequately made any allegations against Baldwin, Campanella, or George, those Defendants will be **DISMISSED without prejudice**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant Brummel: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps

to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald J. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 7, 2016**

s/ STACI M. YANDLE<br>United States District Judge